IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH DZINGELESKI,

    Plaintiff,

v.                                          Civil Action No. 5:18CV2
                                                        (STAMP)

ALLIED VAN LINES, INC.
and JOHN FAYARD MOVING
& WAREHOUSING, LLC,
JOHN DOE 1 and JOHN DOE 2,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS AS TO
DEFENDANT JOHN FAYARD MOVING & WAREHOUSING, LLC
AND GRANTING DEFENDANTS' MOTION TO DISMISS AS TO
DEFENDANT ALLIED VAN LINES, INC. WITH LEAVE TO AMEND**

I.   Background

The civil action arises out of a contract for the packing and interstate transportation of the plaintiff's household goods by the defendants from Saraland, Alabama to Wheeling, West Virginia. The plaintiff, Elizabeth Dzingeleski, originally brought this civil action in the Circuit Court of Ohio County, West Virginia, against the defendants, Allied Van Lines, Inc. ("Allied"), John Fayard Moving & Warehousing, LLC ("John Fayard"), John Doe 1, and John Doe 2. The complaint alleges that Allied's employees, agents, and representatives loaded the plaintiff's personal property at her Alabama residence on December 14 and 15, 2015, and that her personal property was unpacked on or after December 21, 2015. ECF No. 1-1 at 2. The complaint further alleges that the defendants

negligently caused breakage and other damages and losses to the plaintiff's personal property when they moved it off the truck and into her West Virginia residence.  ECF No. 1-1 at 4.  The complaint asserts causes of action for negligence, property damages, annoyance, inconvenience, loss of use, and diminution of value. ECF No. 1-1 at 3-6.

The named defendants, Allied and John Fayard, removed the civil action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  The notice of removal asserts that "all causes of action on the face of the [c]omplaint allege loss or damage claims that arise out of the performance of a contract for the interstate transportation of household goods." ECF No. 1 at 2.  Thus, the defendants contend that "[t]he subject matter area, as a matter of law, is completely preempted and therefore cognizable only as a federal claim arising under federal law."  ECF No. 1 at 2.  Specifically, the defendants contend that the claims arise under 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act (the "ICA"), as amended by the ICC Termination Act of 1995 (the "ICCTA"), 49 U.S.C. § 10101 et seq. ECF No. 1 at 2.

The named defendants have filed a motion to dismiss for failure to state a claim.  ECF No. 3.  The defendants assert that the allegations in the complaint relate to an interstate shipment over which the Secretary of Transportation and the Surface

Transportation Board have jurisdiction pursuant to 49 U.S.C. § 13501. ECF No. 3 at 2. Because defendant Allied is a household goods motor carrier as defined by statute, the defendants argue that the plaintiff's claims are governed by the Carmack Amendment, "which provides the exclusive remedy for property damage caused by a motor carrier providing transportation <u>or service</u> under an interstate bill of lading." ECF No. 3 at 2 (emphasis in original). The defendants argue that, under <u>New York, Philadelphia, & Norfolk Railroad Company v. Peninsula Produce Exchange</u>, 240 U.S. 34 (1916), the complaint is preempted by the Carmack Amendment. ECF No. 3 at 2. Specifically, the defendants argue that the complaint "does not state the <u>prima facie</u> elements under the [ICA], but merely raises preempted state and/or common law causes of action." ECF No. 3-1 at 3. Additionally, the defendants note that the United States Court of Appeals for the Fourth Circuit has held that "the Carmack Amendment goes beyond the physical act of transportation to include associated services." ECF No. 3-1 at 5 (quoting <u>Rush Indus. v. MWP Contractors, LLC</u>, 593 F. App'x 91, 94 (4th Cir. 2013)). The defendants further contend that, as a matter of law, defendant John Fayard "cannot be liable for any action for damages arising out of a carrier's performance of transportation under a bill of lading." ECF No. 3 at 3.

The plaintiff filed a response in opposition to the defendants' motion. ECF No. 4. In her response, the plaintiff

3

acknowledges that the allegations in her complaint "may not exactly align with the Carmack Amendment." ECF No. 4 at 5. However, the plaintiff argues that this Court should re-characterize her claim as a federal claim under the Carmack Amendment rather than dismissing the case for failure to state a claim. ECF No. 4 at 5. The plaintiff contends that her "recovery is contingent on her ability to establish a prima facie case under the Carmack Amendment's burden-shifting framework." ECF No. 4 at 6.

The plaintiff does concede that defendant John Fayard may be dismissed from the civil action. ECF No. 4 at 7. In the event that this Court grants the motion to dismiss as to defendant Allied, the plaintiff requests that the dismissal be without prejudice. ECF No. 4 at 7.

The defendants did not file a reply to the plaintiff's response in opposition. For the reasons stated below, the defendants' motion to dismiss (ECF No. 3) is granted as to defendant John Fayard and granted with leave to amend as to defendant Allied.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and

4

bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial

plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

III. Discussion

Under the ICA, an interstate carrier "is liable for damage to goods transported by it." Missouri Pac. R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137 (1964). The Carmack Amendment was passed to bring a degree of uniformity to interstate shipping. The Supreme Court noted that:

> along with singleness of rate and continuity of carriage in through shipments there had grown up the practice of requiring specific stipulations limiting the liability of each separate company to its own part of the through route, and, as a result, the shipper could look to the initial carrier for recompense only 'for loss, damage, or delay' occurring on its own line. This 'burdensome situation' was 'the matter which Congress undertook to regulate.' And it was concluded that the requirement that interstate carriers holding themselves out as receiving packages for destinations beyond their own terminal should be compelled 'as a condition of continuing in that traffic to obligate themselves to carry to the point of destination, using the lines of connecting carriers as their own agencies,' was within the power of Congress.

New York, P. & N. R. Co. v. Peninsula Produce Exch. of Md., 240 U.S. 34, 37 (1916) (quoting Atl. Coast Line R. Co. v. Riverside Mills, 219 U.S. 186, 200, 203, (1911)). In passing the Carmack

Amendment, "it is evident that Congress intended to adopt a uniform rule and relieve such contracts from the diverse regulation to which they had therefore been subject." Adams Express Co. v. Croninger, 226 U.S. 491, 506 (1913). Thus, this Court finds that the plaintiff's claims are preempted by the ICA.

A. Defendant John Fayard Moving & Warehousing, LLC

The plaintiff concedes that defendant John Fayard can be dismissed from this civil action. Under 49 U.S.C. § 13907(a), carriers are responsible for all acts or omissions of its agents. Further,

> [n]ot only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract.

Werner v. Lawrence Transp. Sys., Inc., 52 F. Supp. 2d 567, 568 (E.D.N.C. 1998) (citation omitted); see also Olympian Worldwide Moving & Storage Inc. v. Showalter, No. CV-13-00245-PHX-NVW, 2013 WL 3875299, at *4 (D. Ariz. July 26, 2013) ("Under the Carmack Amendment, an agent of a motor carrier has no independent liability."). As the plaintiff does not contest the defendants' assertion that defendant John Fayard is an agent of defendant Allied, the defendants' motion to dismiss is granted as to defendant John Fayard.

B.  <u>Defendant Allied Van Lines, Inc.</u>

The defendants argue that, because the complaint does not state the <u>prima facie</u> elements necessary for a claim under the Carmack Amendment, it must be dismissed because the state-based claims are preempted by federal law.  ECF No. 3-1 at 3.  To establish a <u>prima facie</u> case under the Carmack Amendment, the plaintiff must establish (1) delivery of the goods to the carrier in good condition, (2) arrival in damaged condition, and (3) amount of damages.  See <u>Oak Hall Cap and Gown Co., Inc. v. Old Dominion Freight Line, Inc.</u>, 899 F.2d 291, 294 (4th Cir. 1990) (citing <u>Mo. Pac. R.R. Co. v. Elmore & Stahl</u>, 377 U.S. 134, 138 (1964)).  If the plaintiff establishes this <u>prima facie</u> case, the burden shifts to the carrier to show that it was not negligent and that the damage to the goods was caused by (1) an act of God, (2) the public enemy, (3) the act of the shipper himself, (4) public authority, or (5) the inherent vice or nature of the goods.  See <u>Mo. Pac. R.R. Co.</u>, 377 U.S. at 137.

The plaintiff argues that this Court should characterize the claim as one under the Carmack Amendment because it demonstrates sufficient allegations to establish a <u>prima facie</u> case.  ECF No. 4 at 6-7.  Specifically, the plaintiff argues that, under <u>Darcangelo v. Verizon Communications, Inc.</u>, 292 F.3d 181, 195 (4th Cir. 2002), "when a claim under state law is completely preempted . . . a federal court should not dismiss the claim, but should instead re-

characterize it as a claim under applicable federal law." ECF No. 4 at 6. The plaintiff points out the portions of her complaint which allege that all of her belongings were in good condition and repair prior to transporting and unloading; that her belongings sustained breakage and other damages and losses as a result of the move; and that the plaintiff substantially complied with all of the pre-lawsuit proof of claim forms, which contained itemized amounts of damages to the plaintiff's belongings. ECF No. 4 at 7.

This Court finds that the present case is distinguishable from Darcangelo. The Darcangelo court was specifically dealing with claims that fall under § 502 of the Employee Retirement Income Security Act of 1974. That court held that, "when a claim under state law is completely preempted and is removed to federal court because it falls within the scope of § 502, the federal court should not dismiss the claim as preempted, but should treat it as a federal claim under § 502." Darcangelo, 292 F.3d at 195 (emphasis added).

In the present case, this Court believes the most prudent course of action is to permit the plaintiff to clarify her request for relief. See, e.g., Miracle of Life, LLC v. N. Am. Van Lines, Inc., 368 F. Supp. 2d 494, 498 (D.S.C. 2005). In Miracle, the United States District Court for the District of South Carolina noted that the "decision to grant leave rather than recharacterize is based on the fact that the court remains unsure of the precise

9

scope of Plaintiffs' claims and requests for relief pursuant to the Carmack Amendment." Id. at 499. Similarly, although "[t]he facts as alleged in Plaintiff's Complaint are more than sufficient to demonstrate a viable cause of action under the Carmack Amendment . . . . [I]t is well within the Court's discretion to permit Plaintiff to file an Amended Complaint, stating a proper cause of action under federal law." Midamerican Energy Co. v. Start Enter., Inc., 437 F. Supp. 2d 969, 973-74 (S.D. Iowa 2006). Accordingly, the defendants' motion to dismiss is granted as to defendant Allied, but with leave for the plaintiff to amend her complaint to set forth a prima facie case within twenty-one days from the date of entry of this order.

## IV. Conclusion

For the reasons stated above, it is ORDERED as follows: The defendants' motion to dismiss for failure to state a claim (ECF No. 3) is GRANTED as to defendant John Fayard Moving & Warehousing, LLC and GRANTED WITH LEAVE TO AMEND as to defendant Allied Van Lines, Inc. The plaintiff is DIRECTED to file any amended complaint within twenty-one (21) days from the date of entry of this order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment as to defendant John Fayard Moving & Warehousing, LLC.

DATED:   May 17, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE