IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELIZABETH DZINGELESKI,

    Plaintiff,

v.                                            Civil Action No. 5:18CV2
                                                  (STAMP)
ALLIED VAN LINES, INC.

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
ALLIED VAN LINES, INC.'S
MOTION TO DISMISS AMENDED COMPLAINT**

I.   Background

The defendant, Allied Van Lines Inc., removed this civil action to this Court from the Circuit Court of Ohio County, West Virginia. ECF No. 1. The plaintiff, Elizabeth Dzingeleski ("Dzingeleski") amended her complaint on June 8, 2018. ECF No. 12. The plaintiff's amended complaint alleges that defendant Allied Van Lines, Inc. breached its duty to move, package, transport, unload, and/or handle plaintiff Dzingeleski's furniture and/or other belongings through negligent acts and/or omissions causing breakage, and other damages or losses to plaintiff's personal property items after moving them from the truck into her home. ECF No. 12 at 3.

The plaintiff demands judgment against Allied Van Lines Inc., in an amount in excess of the minimum jurisdictional limits as compensatory damages, pre-judgment and post-judgment interest and

costs, and interest and costs incurred in and about the prosecution of this action and for such other relief as a court or jury may find. ECF No. 12 at 6.

Allied Van Lines, Inc. has filed a motion to dismiss the plaintiffs' amended complaint. ECF No. 14. Allied Van Lines, Inc. argues that in the plaintiff's amended complaint (ECF No. 12), the plaintiff has "merely" restated claims that are preempted by federal law, specifically, 49 U.S.C. § 14706(a)(1)(2007), commonly referred to as the Carmack Amendment. ECF No. 14 at 3.

The plaintiff has failed to file a response. The defendant then filed a reply despite plaintiff's failure to file a response. ECF No. 17. Defendant asserts that the plaintiff's claims are governed by the Carmack Amendment, which provides the "exclusive remedy" for property damage caused by a motor carrier providing service under an interstate bill of lading. ECF No. 17 at 2. Further, the defendant argues that the plaintiff's amended complaint asserts the same claims that were already dismissed due to preemption by this amendment. Id. at 2.

Defendant now requests that this Court grant its motion to dismiss for plaintiff's failure to respond.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v.

Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'"

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

As the defendant points out, this Court has already held that the causes of action asserted in the plaintiff's original complaint (ECF No. 12) are preempted by applicable federal law. ECF No. 14 at 7-8 ("Even if all the [p]laintiff's allegations are accepted as true, the causes of action of the [p]laintiff's amended complaint merely restate state and/or common law claims against a motor carrier that this Court has already held to be preempted by the Carmack Amendment and the I.C.C. Termination Act of 1995, and, therefore, should be dismissed."); see ECF No. 10 at 9-10.

This Court reiterates that the plaintiff's original claims based on state law and/or common law causes of action are preempted by 49 U.S.C. § 14706, the Carmack Amendment to the Interstate Commerce Act (the "ICA"), as amended by the ICC Termination Act of 1995 (the "ICCTA"), 49 U.S.C. § 10101 et seq. Id. at 2. In order

4

for the plaintiff to assert a valid claim against the defendant, the plaintiff was directed to clarify her request for relief. Id. at 9. This Court has previously cited to Miracle of Life, LLC v. N. Am. Van Lines, Inc., 368 F. Supp. 2d 494, 498 (D.S.C. 2005), where the United States District Court for the District of South Carolina noted that the "decision to grant leave rather than recharacterize is based on the fact that the court remains unsure of the precise scope of [p]laintiffs' claims and requests for relief pursuant to the Carmack Amendment." ECF No. 10 at 9-10. Similarly, this Court noted that "it is well within the Court's discretion to permit [p]laintiff to file an amended complaint, stating a proper cause of action under federal law." Id. at 10 (citing Midamerican Energy Co. v. Start Enter.,Inc., 437 F. Supp. 2d 969, 973-74 (S.D. Iowa 2006)).

Importantly, the sole remedy for damages are those that could be collected under the Carmack Amendment. Shao v. Link Cargo (Taiwan) Ltd., 986 F.2d 700, 706-07 ("[The Court] . . . conclud[ed] that the Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment. Allowing a shipper to bring common law breach of contract or negligence claims against a carrier for such loss or damage conflicts with this policy."). Liability under the Carmack Amendment is the "actual loss or injury to the property." Id. at 294; see also

Missouri Pacific R.R. Co. v. Elmore & Stahl, 377 U.S. 134, 137, 84 S. Ct. 1142, 12 L.Ed.2 194 (1964). This amount is "the difference between the market value of the property in the condition it should have arrived . . . and its market value in the condition it did arrive." Id. at 296 (citing Contempo Metal Furniture Co. of Calif. v. East Texas Motor Freight Lines, Inc., 661 F.2d 761, 764 (9th Cir. 1981); see also Gulf, Colorado & Santa Fe Railway v. Texas Packing Co., 244 U.S. 31, 37, 37 S.Ct. 487, 489, 61 L.Ed. 970 (1917)). This may not always be the best measure for calculating damages, however. Id. (citing Brockway-Smith Co. v. Boston & Maine Corp., 497 F. Supp. 814, 820 (D. Mass. 1980)).

Here, the plaintiff has amended her complaint to comport with this Court's previous order by citing to the Carmack Amendment, 49 U.S.C. § 14706, and relevant case law, specifically Oak Hall, 899 F.2d at 1142. ECF No. 12 at 5. However, because the only damages that could potentially be collected are those that arise under the Carmack Amendment, any remedies arising from the plaintiff's common law claims are preempted.

## IV. Conclusion

For the reasons set forth above, Allied Van Lines, Inc.'s motion to dismiss the amended complaint (ECF No. 12) is GRANTED in part to the extent that plaintiff's common law claims have been preempted by the Carmack Amendment, and DENIED in that the

plaintiff may seek relief to the extent permitted under the Carmack Amendment, as set forth above.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 5, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE